## W. N. BATSON *v.* J. C. RICKS and J. L. LEWIS, Sheriff.

The plaintiff had sold to *Fields*, a quantity of coal, which was to be paid for on delivery. *Fields* failed to comply with his bargain, as to the payment. The defendant being a judgment creditor of his, caused the coal to be seized by the sheriff. The plaintiff demanded the rescision of the sale to *Fields*, upon the ground of the non-payment of the price, which was assented to by all parties, and the coal restored to him. He then brought suit for the damages caused by the seizure Held: That under the circumstances, he was not entitled to damages, more especially as he had suffered *Fields* to retail some of the coal, which may have misled the defendant.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *M. M. Cohen*, for plaintiff. *Hart* and *Reese*, for defendant. The judgment of the court *(Eustis*, C. J., absent,) was pronounced by

PRESTON, J. The plaintiff sues the defendants for a quantity of coal and damages. He alleges that the coal belonged to him, and was seized as the property of one *Fields*.

It is fully proved that the plaintiff purchased the coal from *Capt. Doane*, at four dollars a ton. But he sold it to *Fields* for five dollars a ton, who advertised it for sale, and commenced retailing it. *Fields* proves, that he was to pay cash on the delivery. He did not pay the cash, and, therefore, the conditions of the sale were not complied with, still it was a sale, and *Fields* could have been forced to comply with the conditions. His judgment creditors had a right to seize the coal, for it might have sold for an advance. *Fields* did not comply with the sale, because the coal was seized, and would have complied but for the seizure. Then the plaintiff sold his coal to a man, who refused to comply with his contract, because the property was seized for his debts. That was his misfortune, and entitled him to a rescision of the sale for non-payment of the price by his vendee, and damages from him. He was entitled to obtain the rescision by suit, but all parties appear to have consented, in effect, to an amicable rescision. The plaintiff preferred it to allowing the property to be sold, judicially, and claiming the vendor's privilege. He, no doubt, acted wisely, but thereby waived all claim for damages for non-compliance with the terms of his sale.

BATSON
*v.*
RICKS.

It is not shown that the defendants offered any obstacle to the plaintiff, when he claimed the coal, having learned that he received nothing, on account of the price, from his vendee. The coal was seized the 12th, and released, by bond, the 16th of December. It is difficult to believe, that the plaintiff suffered two hundred dollars damages by that short detention. The defendant, by his answer, in effect, yielded to the release of the seizure. The evidence also justifies the inference that *Batson* allowed *Field*, without objection, to make partial sales and delivery of the coal, and *Ricks* may thus have been mislead, when he made the seizure.

If he suffered any damages, they were not immediate, but only consequential from the seizure. The damages arose from selling to a vendee, liable to an execution, and the failure of that vendee to pay the price of the purchase. If he had paid the price according to his purchase, the plaintiff would have suffered nothing.

The judgment of the district court, so far as it decrees the restoration of the coal, be affirmed, with costs. It is further ordered and decreed, that said judgment be reversed as to the damages allowed, and the appellee condemned to pay the costs of appeal.