No. 111.—GEORGE ELLISON *v.* M. A. & W. M. ILER.

If the debt exists, and the mortgage and privilege have not been legally extinguished, the third possessor can be compelled, by the hypothecary action, to pay the whole debt, or surrender the property.

If the prayer of the petition, in an hypothecary suit, contains all the material requests required by this form of action, it will not be dismissed because it contains some requests which the law will not grant.

In this case, it appears that the act of mortgage, given on lands situated in the parish of Franklin, was regularly recorded in the proper office, in that parish; that, in 1868, after the mortgage was given, the parish of Richland was created by law, and the lands covered by this mortgage were included in the boundaries of the parish of Richland. The mortgage was not recorded in the office of the recorder of mortgages in the parish of Richland. Held—That the law does not require the recording of the mortgage in the new parish thus created, after the inscription in the parish where the land was situated at the time; that the mortgage rights attached to the land from the date of registry in the parish where it was situated, and the subsequent changing of the boundaries, and the creation of a new parish, did not operate a relinquishment of the mortgage, even though it had not been recorded in the new parish.

APPEAL from the District Court, parish of Richland. *Crawford, J. Wells & Williams,* for plaintiff and appellant. *Richardson & McEnery,* for defendants and appellees.

HOWE, J. It appears that, in 1867, the plaintiff, being the holder and owner of a draft executed by one Hemler, for the price of land, and secured by mortgage and vendor's privilege, brought suit thereon, and obtained a personal judgment for the amount, with interest and costs, and also for the recognition of his mortgage and vendor's privilege upon—not the land affected thereby, but, by an error in description, an entirely different tract.

In January, 1868, the defendants now before us purchased, at sheriff's sale, the tract really covered by the mortgage and privilege. In November, 1869, the plaintiff, reciting these facts in his petition, brought this action against defendants, as third possessors, making proper allegations of notice, and praying judgment "that his mortgage and privilege be recognized and rendered executory, and that the defendants be adjudged to deliver up to him said land within a time to be fixed by the court, that said land may be sold to pay this demand, and that, in default of so doing, that judgment may be rendered against them for the sum of $864, with legal interest from February 1, 1862, and for costs, and for general relief.

The defendants filed a number of exceptions, a plea of prescription of five years, and an answer containing a general denial and sundry special denials. The exceptions were referred to the merits, the case tried upon the merits, and finally the demand dismissed, as in case of nonsuit. The plaintiff appealed, and we proceed to examine the questions presented in this court:

*First*—It is contended by defendants that if there was error in the judgment in the case of Ellison *v.* Hemler, as set forth in the petition in this case, the remedy of plaintiff was by appeal or action of nullity, and therefore this suit must be dismissed. We think this view errone-

ous, and that the defendants have misapprehended the effect of the judgment in Ellison v. Hemler, and their relation to it. That judgment was twofold. It was a judgment *in personam* against Hemler, and *in rem* against certain property. The judgment *in personam* might exist without the judgment *in rem;* and, in certain cases, the judgment *in rem* without the judgment *in personam.* The personal judgment is conceded to be correct, and the confession on which it was founded shows a renunciation of prescription. The judgment recognizing and making executory a mortgage to secure the amount of the draft, was against certain lands in range *eight* east, instead of being against the lands of defendants in the case at bar, which are in range *six* east. Now, this portion of the judgment is either correct or incorrect. If it be correct, it shows that the plaintiff's draft was secured by lands in range eight, as well as by lands in range six. If it be incorrect, it is, as to the defendants, a matter of no concern. It might interest the owner of the lands in range eight, whose property was thus affected; but it is of no more advantage or detriment to the defendants and their lands in range six than if it had merely declared the draft to be a first privilege on a steamboat.

The defendants are third possessors of land on which the plaintiff claims a mortgage and vendor's privilege. If the debt exists, and the mortgage and privilege have not been in some legal way extinguished, the hypothecary action can be maintained.

*Second*—The defendants criticise the prayer of plaintiff's petition, quoted above, and claim that it is so informal and irregular as to justify a dismissal of the suit. We can not perceive the force of this objection. While it contains some requests which the law will not grant, it contains also those which are proper in this form of suit. The object of the hypothecary action, properly speaking, is to compel the third possessor either to give up the property or to pay the amount for which it stands hypothecated.   C. P. 68. ' If the third possessor, within a time fixed, fail to discharge the debt in full, the creditor may bring his action against him to have the hypothecated property seized and sold.   C. P. 69.  The plaintiff in this case has asked that the property be seized and sold.

*Third*—It is claimed that the mortgage thus sought to be enforced was never recorded in the parish of Richland, where the land is situate. The parish of Franklin included the land at the time the mortgage was executed; the act was authentic, and it was duly recorded in Franklin. The new parish was created in 1868, and the land is in its limits; but we are not referred to any law, and know of none, which would cause the mortgage on this account to lose its grasp on the land.

*Fourth*—The defendants contend that they purchased the property at probate sale, and it was conveyed to them free and clear of incum-

brances. The act of sale to defendants shows that they purchased at sheriff's sale, made in executory proceedings, at the suit of Hemler *v.* Heath, administratrix, and that at the time they were the transferrees of the judgment in the case, so that the amount of their bid was paid by simply crediting it on the writ. It was clearly no probate sale, (Succession of Markey, 22 An. —), and they can gain no advantage as against the plaintiff at bar, by the terms of the sheriff's deed.

We think the judgment appealed from erroneous, and, as the case was examined on its merits, we will render final judgment.

It is therefore ordered that the judgment appealed from be avoided and reversed, and that the plaintiff, George Ellison, have judgment against the defendants, M. A. and W. M. Iler, recognizing and rendering executory his mortgage and vendor's privilege, as established and reserved in an act of sale made by William A. Thomas to John A. Hemler, before James Barry, notary public, November 7, 1860, for the sum of $864, with interest at five per cent. per annum from February 4, 1862; that the lands described in said act of sale be seized and sold to satisfy the said mortgage and privilege debt, and that plaintiff recover from the defendants personally the costs in both courts