## No. 9956.

THE STATE EX REL. J. M. RAYMOND VS. A. VOORHIES, JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

A State court can entertain jurisdiction of a suit *in personam* against the master and owners of a vessel, coupled with a sequestration, to enforce a money claim secured by lien, by a State statute and not created by the maritime law.

There can be no more objection to the *mesne* process, the purpose of which is to secure the property to respond to the personal judgment, when rendered, than there can be to subject it to execution after judgment.

A decision holding that a proceeding is *in personam* against one who is the master of a vessel, does not determine that the suit has that character against the *owners*, where the owners are not before the court on an application for a prohibition.

APPLICATION for Certiorari.

*A. Bernau* for the Relator.

*S. S. Carlisle* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The relator charges that in a suit brought before the Civil District Court for the Parish of Orleans, under Section 2705 of the Revised Statutes, the district judge has exceeded the bounds of his jurisdiction, and that he should be prohibited from all cognizance of the cause, which is one of which a court of admiralty alone has jurisdiction.

The district judge returns that his court has jurisdiction.

The section requires any vessel inward or outward bound, to or from the port of New Orleans, to employ as a pilot a duly licensed branch pilot, when such officer tenders his services.

It declares that such vessel, her *captain* and *owners*, in case of refusal, shall forfeit the sum of one hundred dollars, with privilege on said vessel, to be recovered before any court of competent jurisdiction, in the name of the Charity Hospital, for the benefit of that institution.

The suit was brought before the district court by the Charity Hospital, the beneficiary, against J. M. Raymond, *master* and *owners* of steamship Anglian, and the petition concludes with a prayer for a *personal* judgment and a sequestration of the vessel.

An exception filed to the jurisdiction of the district court having been overruled, the present proceeding was instituted to prevent that court from taking further cognizance of the suit.

The Constitution of the United States grants to Federal courts judicial powers in all cases of admiralty and maritime jurisdiction. Art. 3, sec. 2.

The judiciary act of September 24, 1789, vests in the District Courts of the United States jurisdiction in all such cases, exclusive of State courts, "saving to suitors, in all cases, the right to a common law remedy where the common law is competent to give it."

That act is held to confer an exclusive jurisdiction by proceedings *in rem*, as well in cases where a right to that process is given either by the general maritime law or by State statutes; so that no State court can issue process in the nature of admiralty procedure to enforce a lien given by the statute of a State against a vessel in maritime subject. This exclusive jurisdiction is, however, confined to the enforcement of remedies in maritime causes by proceeding *in rem* against the vessel, or the thing itself.

Suitors, under the saving clause, may proceed, nevertheless, *in personam* in the State court and, in such proceedings, may *attach* the interest of the owners in the vessel as in other contracts or cases not maritime, for the reason that the vessel is dealt with as the property of the defendants and not as an actor, as in the case of a proceeding *in rem*, to enforce a maritime contract or lien.

The fact that the subject of a suit is one within the admiralty and maritime jurisdiction does not prevent a court of common law from entertaining jurisdiction, provided it be not attempted to be enforced by the admiralty proceeding *in rem*.

Process *in rem* is the method of enforcing a *jus in re*, or proprietary

*right* in the thing itself, conferred by the maritime law or by statute in subjects of a maritime nature, so that a ship, without regard to the personal liability of the owner, may be condemned for a forfeiture incurred by the master. It is distinct from and cannot always be joined with powers to enforce a personal liability of the owner.

The proceedings *in personam*, though conclusive as between the parties so far as the property is concerned, are not *in rem* and do not bind third persons. They affect the title of the defendant only; while a proceeding *in rem* binds all parties.

In *personal* actions, jurisdiction can be, and is, exercised *concurrently* by courts of admiralty and State courts, when the latter are competent to afford the remedy, and the claim is not conferred by maritime law.

Applying those principles to the cases under consideration, it is manifest that the District Court was competent.

The proceeding is not one in *rem*, that is, one against the vessel by name, as an actor independent of the personal liability of the owners.

It is true that the vessel was seized by *mesne* process, but that seizure is not equivalent to a process *in rem*. It is only a subsidiary remedy to secure the property, for a debt said to be due personally by its captain and owners, and for which *they are* sued personally. The sequestration executed has the same effect as an attachment, in jurisdictions where a creditor is authorized to employ such process to create a lien upon the property of his debtor as a security to respond to his judgment.

In the next place, the proceeding is *in personam*, to enforce a claim secured by a lien, not created by the maritime law. The plaintiffs complain of John M. Raymond, *individually* and as master, as also of the *owners* of the vessel, all liable under the statute, and ask that they be cited to answer, and, after due proceedings, condemned *in solido* to pay the sum sued for, with lien and privilege on the vessel.

A cardinal principle in matters of this description, is that the presumption is that a cause is not within the jurisdiction of the United States, unless the contrary appears. This is so for the reason that process not delegated by the States to the Federal Government, are considered as retained by the States, to be exercised as attributes of their respective sovereignty. In support of the principles announced, and which are indisputable, we have not deemed it necessary to quote from each particular adjudication recognizing them. We think that reference to the main ones will suffice. See Taylor vs. Carryl, 20 How. 583; The Belfast, 7 Wall., 624; Lion vs. Coleman, 11 Wall., 185; St. Bt. Co. vs. Chase, 16 Wall., 522; The Moses Taylor, 4 Wall. 411;

Warring vs. Clarke, 5 How. 441; People's Ferry, vs. Beers, 20 How. 393; The John Jay, 17 How. 399 ; The Emily Souder, 17 Wall. 666; Hine vs. Trevor, 4 Wall. 555; The Plymouth, 3 Wall. 20; Ex-parte Phœnix Ins. Co., 118 U. S. 610; Pennywit vs. Eaton, 15 Wall. 382; see, also, 6. R. 192; 7 L. 445; 19 Ann. 384; 23 Ann. 410 ; 26 Ann. 25; Kent, vol. 1, 419–421.

In the recent case of Johnson vs. Chicago and Pacific Elevator Co. 119 U. S. 388–401, which was action for tort, after a review of the authorities, the Court said:

"There being no lien on the tug by the maritime law, the State could create such a lien therefor, as it deemed expedient, and *could enact reasonable rules for its enforcement, not amounting to a regulation of commerce.* Liens under State statutes, enforceable by attachment in suits *in personam,* are of every day occurrence, and may even extend to liens on vessels, when the proceedings to enforce them do not amount to admiralty proceedings *in rem,* or otherwise conflict with the Constitution of the United States.

" There is no more valid objection to the attachment proceeding to enforce a lien, in a suit *in personam,* by holding the vessel by *mesne* process, to be subjected to execution, on the personal judgment, when recovered, than there is in subjecting her to seizure on execution. Both are incidents of a common law remedy, which a court of common law is competent to give."

We, therefore, conclude that, as the suit is *in personam,* and not *in rem,* to enforce a claim secured by a lien, not created by the maritime law, not exclusively cognizable by an admiralty court, and which a State court, having common law jurisdiction, is competent to give, the district judge is not amenable to the charge of transgression of the bounds of his jurisdiction.

Application refused.

---

## On Application for a Rehearing.

The opinion does not purport to say that the proceeding is *in personam* against the owners.

It simply holds that the proceeding is such against John M. Raymond, who is the *only* party before us complaining of it.

The Court could not decide any such thing as against the *owners,* for the reason that Raymond disclaims any power to represent them, below or here. He, therefore, champions none of their rights, and they do not appear to complain.

Rehearing refused.