OVERTON, J.
 

 This case comes before us by appeal from a judgment sustaining an exception of no Cause of action. The suit, in which the exception was sustained, is one for judgment against defendant for $10,400, with legal interest thereon from judicial demand, for rents and revenues growing out of the alleged illegal seizure and detention of a plantation.
 

 The petition alleges that on May 23, 1927, in a suit entitled Curry Cappel v. Chester F. Knoll, plaintiff obtained a judgment dissolving. a sale made by him to Knoll on November 22, 1915, of a certain plantation, situated in the parishes of Avoyelles and Rapides, for the nonpayment of the purchase price. It is alleged that in this judgment the court ordered the plantation restored to the possession of plaintiff, free of all mortgages, liens, and incumbrances, placed on it by Knoll, the restoration to be made on or before January 1, 1928. The petition also shows that among the mortgages given by Knoll and ordered canceled by said judgment was on© in favor of defendant for $14,199.15, granted on the plantation, on December 21, 1921, and that defendant, notwithstanding the fact it had full knowledge of the judgment ordering the cancellation, of this mortgage, on June 21,
 
 *1173
 
 1927, in a suit entitled Meeker Sugar Refining Company v. Chester F. Knoll, caused ex-ecutory process to issue to enforce said mortgage, and had the sheriff seize and take possession of said plantation. The petition alleges that not only was the executory process illegally issued, but that defendant obtained it maliciously, and for the sole and express purpose of vexing and annoying plaintiff and preventing him from obtaining peaceable possession of the plantation, as ordered and decreed in the judgment, dissolving the sale thereof, and ordering the cancellation of mortgages. The allegation is also made that this court has confirmed and approved the judgment of the district court, ordering the eancellation of defendant’s mortgage, upon which executory process issued, and that, notwithstanding all of the foregoing facts, defendant maintained, under seizure, the possession of said plantation up to March 15, 1929, too late for plaintiff to lease the property for the year 1929. The petition also shows that, under the judgment dissolving 'the sale of the plantation, plaintiff was entitled to possession of the property, beginning January 1, 1928, but that, by reason of the-illegal seizure and detention thereof, he was prevented from taking possession of it and from collecting or receiving any rents or revenues from it for the years 1928 and 1929. It is also alleged that, under the judgments rendered by both the district court and this court, plaintiff is entitled to have the seizure of the plantation declared null and void and the property restored to his possession. The petition also alleges that there are 650 acres of the plantation in cultivation, and that the land is worth an annual rental of $8 an acre, and hence that for the. years 1928 and 1929 defendant is indebted to plaintiff in the sum of $10,400, as damages, for said rents and revenues, and that plaintiff is entitled to the lessor’s privilege for said rents and revenues on all tlie movable property attached to or used in the cultivation of said plantation for the years 1928 and 1929. The petition further alleges that, notwithstanding plaintiff made amicable demand for the release of the plantation from seizure, defendant refused to release it prior to March 15, 1929, and refused to pay plaintiff the aforesaid sum of $10,400.
 

 In the prayer of plaintiff’s petition he prays for judgment, decreeing that the seizure of the plantation, under executory process, was null; that the property be restored to his possession; that he recover judgment against defendant for $10,-400, for rents and revenues of said property for the years 1928 and 1929, with legal interest thereon from judicial demand; and that his lessor’s privilege on the movables on the plantation be recognized and enforced, and he prays for general relief.
 

 By way of explanation, it may be said that, when plaintiff alleges that this court “confirmed and approved” the judgment of the district court, dissolving the sale to Knoll for nonpayment of the purchase price, and ordering the cancellation of the mortgage, granted by Knoll to defendant, under which the seizure was made, he has reference to the case of Cappel v. Hundley et al., 168 La. 15, 121 So. 176, decided by this court on February 25, 1929, less than a month before this suit was filed. The judgment dissolving the sale and ordering the surrender of the plantation to plaintiff, free of all mortgages, granted by Knoll, was never before this court for review. However, in the cited case the defendant herein unsuccessfully attacked that judgment as having been fraudulently obtained, and it was decreed in that case that the mortgage, granted by Knoll to defendant, under which the plantation was seized, be canceled.
 

 
 *1175
 
 Defendant discusses the exception of no canse of action, sustained by the trial court, under two general phases — one upon the hypothesis that plaintiff, in drafting his petition, was attempting to allege a cause of action, arising ex contractu, and the other upon the hypothesis that he was attempting to allege a cause of action, arising ex delicto. Defendant regards the former as the more likely.
 

 Defendant’s position as regards the phase of the case first mentioned is that the prayer of plaintiff’s petition characterizes the action as one arising ex contractu. It bases this view of the action upon the fact that plaintiff, in praying for judgment for $10,400, refers to this amount as due for rents and revenues, and upon the further fact that plaintiff prays for judgment recognizing and enforcing his lessor’s privilege on certain movable effects on the plantation to the extent of the $10,400, claimed as rent. Defendant then argues that rents arise only from contracts of lease or rent, and that the lessor’s privilege exists only when there is such a contract. Prom these premises defendant then draws the conclusion that the prayer of plaintiff’s petition stamps his action as one arising ex contractu. Having drawn this conclusion, defendant then points out that there is not a single allegation in the petition showing that there was a contract of lease or rent .between it and plaintiff, and therefore urges that, as the prayer of the petition is not appropriate to the allegations, plaintiff discloses no cause of action.
 

 Defendant’s position is not tenable. It Is true that the character of an action is determined by the prayer for relief. Louisiana Digest, Yerbo, Pleading, § 29. It is also true that the prayer of the petition must ask for relief by a proper judgment under proper procedure. New Orleans & N. E. R. Co. v. Louisiana Const. & Imp. Co., 49 La. Ann. 49, 21 So. 171. It does not follow, however, that resort may not be had to the allegations of the petition to determine the sufficiency of the prayer and to aid in determining the character of the action. Thus it has been held that the prayer of the petition must be read in connection with the allegations thereof. Maille v. Illinois Cent. R. Co., 121 La. 360, 46 So. 355. And in Kohn v. Carrollton, 10 La. Ann. 719, it was held, to decide whether an action is one ex contractu or ex delicto, resort must be had to the petition as a whole.
 

 Resorting to the allegations of the petition, we find no difficulty in deciding that plaintiff is not suing on a contract of lease or rent, but that the basis of his suit is the alleged unlawful and malicious seizure and detention of his plantation, and that the money judgment he asks for this unlawful seizure and detention is for damages equivalent to the rental value of the plantation, which is not uncommonly referred to as rent.
 

 It is true that plaintiff specifically prays for the recognition of a lessor’s privilege, and that such a privilege springs, under the law, from a contract of lease or rent, and that no such contract is alleged. But should we, for that reason, dismiss plaintiff’s demand? The answer is, No. If .the prayer contains some requests which the law will not grant, those requests will be rejected, and the proper demand maintained. Ellison v. Iler, 22 La. Ann. 470. See, also, Espinola v. Blasco, 15 La. Ann. 426. Our conclusion is that the action brought is not one arising ex con-tractu.
 

 In discussing the hypothesis that the action is one arising ex delicto, defendant urges several reasons why the petition does not disclose a cause of action. One of these is that the petition contains no allegation showing that plaintiff is the owner of the
 
 *1177
 
 plantation or is the usufructuary thereof, without which, defendant urges, plaintiff shows no right to the rents and revenues claimed, or to damages equal to them.
 

 The petition does not in the slightest degree suggest that plaintiff is the usufructuary of the plantation, nor does it contain an express allegation that he is the owner of the plantation, but does contain allegations showing facts which fairly imply ownership, and this suffices. Thus the allegations made that • plaintiff sold the plantation to Knoll, that this sale was dissolved for nonpayment of the purchase price, and the property ordered restored to plaintiff, are the alleging of facts which fairly showi, in the absence of any allegation to the contrary, that plaintiff is the owner of the property, and these allegations of fact are supported by the additional allegation that plaintiff is entitled to a decree herein restoring him to possession, which negatives any possible inference that since the dissolution of the sale plaintiff has parted with the property.
 

 It is also urged, under this phase of defendant’s discussion of the exception of no cause of action, that the petition does not allege that the executory proceedings were wrongfully issued other than by means of an allegation showing a mere legal conclusion, which is asserted to be an erroneous one. Again, defendant is in error. The petition shows that, prior to the issuance of executory process, the sale made to Knoll was dissolved, and the plantation ordered restored to plaintiff, and that defendant, though it does not appear that it was a party to that suit, was well aware of these facts. The effect of the judgment of dissolution was to refer the mortgage, granted by Knoll to defendant, to any sum that might have been due by plaintiff to Knoll by reason of the dissolution of the sale, for, the rights of defendant, as to its mortgage, being subordinate to the rights of plaintiff, the unpaid vendor, plaintiff was entitled to the restoration of the plantation free from defendant’s mortgage, save, probably, to the extent of the amount that plaintiff might have owed Knoll by reason of the dissolution of the sale. Succession of Phillips, 49 La. Ann. 1019, 22 So. 202. This principle was, in effect, recognized and applied, as to this very mortgage, in the case of Cappel v. Hundley et al., 168 La. 15, 121 So. 176, where it was held that there was nothing due Knoll by reason of the dissolution, and the mortgage was ordered canceled. Therefore, in view of the dissolution of the sale, which it is alleged was known to defendant, the latter, in seizing the plantation, assumed the risk of its appearing by proof that its mortgage did not attach to the plantation. Plaintiff, by his allegations, has amply negatived the theory that his mortgage still attached to the property. Hence, from the allegations of fact contained in the petition, it appears that the plantation was wrongfully seized.
 

 It is also urged, as a reason why the exception should be sustained, that the petition does not allege that plaintiff ever demanded possession of the property, or that he took steps to have it released. The petition contains an allegation that demand was made on plaintiff to release the seizure prior to March 15, 1929, this date being within five days of the institution of the suit. While no specific date is given, we think that it was unnecessary to the cause of action that an allegation of such a demand be made. Under the facts alleged in the petition, the seizure and detention of the property was an active violation of plaintiff’s rights.
 

 
 *1179
 
 In our view, plaintiff shows a cause of action for the alleged unlawful seizure and detention of the plantation. If the facts alleged are correct, plaintiff is entitled to compensation for the loss of the use of his property. The cases of Gilkerson-Sloss Co. v. Yale
 
 &
 
 Bowling, 47 La. Ann. 690, 17 So. 244, and Batson v. Ricks, 7 La. Ann. 24, are not applicable to the situation here presented. In the former there was doubt as to the ownership of the property, and, in the latter, the property was seized before the sale was dissolved, and the damages were found to be merely "consequential.
 

 For these reasons, the judgment appealed from is set aside, the exception of no cause of action is overruled, and this case is ordered reinstated on the docket of the lower court to be proceeded with according to law. Defendant is ordered to pay the costs of this appeal; the remaining costs to abide the final determination of the case.