Plaintiff sues defendant for a divorce on the ground of adultery. It is shown that she spent two nights in a darkened house alone with a man who was not her husband. Her defense is that she went there only for the purpose of nursing him. But she is not a nurse; and is often found in company with strange men and in places of questionable character. Under the circumstances we do not believe her testimony, and think the trial judge erred in doing so.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff have judgment against defendant decreeing a divorce between them, and dissolving the bonds of matrimony heretofore binding them. Defendant to pay all costs.

■

(136 So. 46)

Currey CAPPEL v. MEEKER SUGAR REFINING COMPANY.
No. 30997.

May 25, 1931.

Rehearing Denied June 22, 1931.

See, also, 168 La. 15, 121 So. 176, and 169 La. 1170, 126 So. 695.

Philo Coco and W. E. Couvillon, both of Marksville, and J. B. Nachman, of Alexandria, for appellant.

J. C. Cappel and F. B. Cappel, both of Alexandria, for appellee.

BRUNOT, J.

This is an appeal, by the defendant, from a judgment against it for $5,000, with 5 per cent. per annum interest thereon from judicial demand and costs of the suit. The plaintiff has answered the appeal and prays that the judgment be amended by increasing the amount thereof to $10,400, the sum sued for, and, as thus amended, that it be affirmed.

The suit is for damages for the wrongful seizure and detention of plaintiff's plantation during the years 1928 and 1929.

This is the third appeal in the case to this court.

Plaintiff sold his plantation to C. F. Knoll on terms of credit and reserved the usual mortgage and vendor's lien. Plaintiff subsequently obtained a judgment rescinding the sale for nonpayment of the purchase price, and ordering the plantation restored to the possession of the plaintiff on January 1, 1928, free of all mortgages, liens, and incumbrances placed on it by Knoll. When this judgment became executory, plaintiff filed mandamus proceedings upon the clerk of court to compel him to cancel and erase certain mortgages Knoll had placed upon the property. This proceeding was dismissed upon the maintenance of an exception of no cause of action. The first appeal in the case is from that judgment. On appeal, the judgment maintaining the exception was avoided and the case was remanded for trial.

The possession of the property was not restored to plaintiff on January 1, 1928, because the Meeker Sugar Refining Company had previously seized the plantation, with the growing crops thereon, under executory process, in execution of a mortgage placed upon it by Knoll, and coincidentally with the seizure of the plantation and crops, it seized all of the live stock and farming implements on the plantation in execution of a chattel mortgage Knoll had placed upon the chattels, and for the further reason that the plaintiff's appeal from the judgment dismissing his mandamus suit against the clerk of court was still pending in this court.

After that case was finally decided by this court, plaintiff filed the present suit against the Meeker Sugar Refining Company for damages for the wrongful seizure and detention of his property. The Meeker Sugar Refining Company excepted to the plaintiff's petition as not disclosing a cause of action. The exception was maintained, the suit was dismissed, and plaintiff appealed. The plaintiff was again successful in this second appeal, for this court avoided the judgment maintaining the exception and remanded the case for trial (169 La. 1170, 126 So. 695).

The trial resulted in the judgment stated in the first paragraph of this opinion. The plaintiff claims damages for the wrongful detention of his property for two years, 1928 and 1929. The record discloses that he was placed in possession of it on March 15, 1929, one year and two and one-half months after the date of delivery fixed in the judgment rescinding the sale to Knoll, during which time there was litigation undetermined, in which the asserted rights of the seizing creditor had not been definitely denied.

We have read the record twice to ascertain if it disclosed any fact which would enable us to more definitely fix the amount of damage the plaintiff has sustained than is awarded him in the judgment appealed from, and we

find nothing therein which warrants the reversal or amendment of the judgment appealed from.

For the reasons stated, it is decreed that the judgment appealed from is affirmed, at appellant's cost.