## BOUDREAUX v. MOON OIL CO., Inc. (McLEAN, Intervener).
### No. 1411.

Court of Appeal of Louisiana. First Circuit.
Jan. 21, 1935.

McCoy, King & Jones and Charles P. Siess, all of Lake Charles, for appellants.

Lewis & Lewis, of Opelousas, for appellee.

ELLIOTT, Judge.

George Boudreaux alleges: That there is due him $498 by Cal. Oil & Gas Company, Inc., on account of labor done for said company in drilling and operating an oil well in the Port Barre oil field in the parish of St. Landry. That he is also the owner of a claim for $55 due by the Cal. Oil & Gas Company, Inc., to W. H. Ellington on account of labor performed by said Ellington on the said project. That his own claim for labor and that of said Ellington makes a total of $548 due him on said account. That said work was done on leased land described in the petition situated in the parish of St. Landry. That the drilling outfit used in said work is situated on said leased land. That said drilling outfit belongs to Moon Oil Company, Inc., a corporation domiciled in the parish of Calcasieu. That there exists a lien and privilege on said machinery in favor of himself individually and as subrogee of said Ellington, on account of their labor, superior in rank to any other existing on said property. That said privilege entitles him to be paid out of the proceeds of said property by preference over all other liens and privileges existing thereon. That a judicial mortgage, due to the registry of a judgment recovered by Marrs McLean against Moon Oil Company, Inc., exists on said property, which mortgage is subordinate and inferior in rank to the lien and privilege which exists thereon in his favor. That he believes that said lease is about to be discontinued and operations ceased and the property removed from the leased premises and from the Parish of St. Landry, to the prejudice of his rights thereon. That said McLean is attempting to obtain the ownership of the property to the prejudice of petitioner's lien and privilege thereon. He prayed that a copy of his petition and of the writ of provisional seizure be served on Moon Oil Company, Inc., and that a writ of provisional seizure issue, and that said property be provisionally seized and held in order that his rights thereon might be determined and protected. The writ issued and the property was seized and a copy of his petition and of the writ of provisional seizure was served on Moon Oil Company, Inc., as prayed for. Judgment was obtained and confirmed by default recognizing and maintaining his seizure and recognizing the lien and privilege claimed by him on said property, as well as its superior rank over all other mortgages and liens whatsoever. The property was ordered sold and the proceeds paid over to the plaintiff; the effect of the judgment, however, was restricted to the property seized. When the property was advertised for sale by the sheriff, Marrs McLean intervened in the suit and opposed the claim of the plaintiff.

McLean alleges in his petition: That he is a creditor of the Moon Oil Company, Inc., for $3,000 evidenced by a note for that amount. That said note is secured by a chattel mortgage on the drilling outfit described in his pe-

674

tition. That he obtained a judgment against Moon Oil Company, Inc., based on said note in the amount thereof. That said judgment recognizes his chattel mortgage on said property and his right to be paid out of the proceeds of same with the rank proper to his mortgage. That being a judgment creditor he caused a writ of fieri facias to issue under which the sheriff seized said property and took same into his possession to satisfy said writ.

He alleges that the judgment obtained by the plaintiff against Moon Oil Company, Inc., is null and void because rendered without service and citation upon plaintiff's debtor Cal. Oil & Gas Company, Inc., and the said writ of fieri facias issued thereon improperly and improvidently, etc.

He alleges in the alternative that his chattel mortgages primes any lien or privilege on said property to which the said Boudreaux may be entitled. He prays for judgment against Boudreaux decreeing the judgment obtained by Boudreaux against Moon Oil Company, Inc., to be null and void, that his chattel mortgage be recognized as outranking the lien and privilege claimed by Boudreaux, and that the proceeds of the same be paid to him instead of Boudreaux.

Boudreaux filed a motion to strike article 7 out of intervener and third opponent's petition, and said article was stricken out as prayed for. An exception of no cause of action directed at the petition of said McLean was also filed and by the court referred to the merits. Boudreaux then answered, substantially denying all the averments contained in the petition.

Judgment was rendered on the merits of the case sustaining the judgment which said Boudreaux had obtained against Moon Oil Company, Inc.

Marrs McLean and Moon Oil Company, Inc., both appealed; the two appeals will therefore be considered together and one opinion rendered covering the issue in both cases.

■ The first contention of Moon Oil Company, Inc., is, that the judgment obtained against it by said Boudreaux on April 25, 1934, in suit No. 26685 on the docket of the district court parish of St. Landry is null and void; the contention being that it was not rendered against any defendant.

The suit to which reference is thus made is based primarily on the provisions of the Code Practice, art. 285, subd. 4, which provides: "When the proceedings are in rem, that is to say against the thing itself which stands pledged for the debt, when the property is abandoned, or in cases where the owner of the thing is unknown or absent."

Boudreaux's suit is further based on the provisions of Act No. 161 of 1932. He alleges that Cal. Oil & Gas Co., Inc., is his debtor, but that the drilling outfit used in the work and with which he performed the alleged labor belonged to Moon Oil Company, Inc. The drilling rig is described in plaintiff's petition as follows, to wit: "One Republic Boiler with 58 flues No. 2993. One oil well Sup. Co. Boiler 62 flues not numbered. One Well Supply Company Pump No I–B–627, Size IO–5–3/4– 12. One Oil Well Supply Company Oil Bath Engine II X 11 No I–J 606. One Oil Well Supply Co 22" to 27" Imperial Rotary. One Oil Well Supply Company Swivel & Hose size 6" No 556. One 54" Three Shive Travelling Block. One Oil Well Supply Co,–2 speed Draw Works with chains, etc and automatic Cat Head. One 250 Cat Line. One 5" Kelly Jts 35' long. One Joint 6" with drill Collar A, P I. Two Pair Wilson Break Cut tongs. One 100 Barrel Fuel Tank Parkersburg NO 4202. One Xmas Tree with one 65/8–2500 Test Valve 6–5/8)–2–4" NO 2500 Test Valves. Two 4–6 Boiler Feed Pump, One Moon Generator." The rig in question being situated on a "certain tract of land containing 30½ acres more or less lying in Section 20 T 6 S R 5 E in the Parish of St Landry"; said land being more fully described in the petition of said Boudreaux.

The procedure instituted by Boudreaux is substantially in the form recognized in the case Favrot v. Delle Piane, 4 La. Ann. 584, 586. In that case the court referring to the procedure said: "It acts upon the thing, not upon the person of its owner." See, also, Ellison v. Iler, 22 La. Ann. 470, and State ex rel. Raymond v. Judge, 39 La. Ann. 499, 2 So. 37, 4 Am. St. Rep. 274.

Provisional seizure gives a privilege under the Code Practice, art. 725, but in the present case the privilege claimed is mainly based on Act No. 161 of 1932. The procedure is legal and cannot be set aside on the theory that there was no defendant before the court.

■ Moon Oil Company, Inc.'s, second and third contentions are that judgment was rendered without plaintiff having proved any of the necessary allegations or elements entitling him to judgment; that there was. lacking the testimony of at least one credible witness and other corroborating circumstances required by the Civil Code, art. 2277. The contention is that the record contains no

proof, and, in the absence of proof, a judgment cannot be sustained.

The judgment obtained by Boudreaux against Moon Oil Company, Inc., states as a fact that the plaintiff offered proof of his demand, that his demand was proved, and enumerates some of the facts said to have been established on the trial. In the absence of any proof to the contrary, the judgment recital must be presumed to be true, and according thereto the case was properly decided. The facts acted on by the lower court on the trial of the suit of George W. Boudreaux v. Moon Oil Co., Inc., cannot be reviewed because they are not in the record. The Code of Practice, arts. 601–603, 896 and 897, provides how cases may be reviewed on appeal when the testimony was not reduced to writing, but nothing of the kind was done on the trial of the intervention and third opposition of Marrs McLean. The lower court may have heard oral evidence on the trial of plaintiff's suit in rem, which amply supported the judgment rendered. The judgment rendered is presumed to be correct. The judgment rendered is presumed to have been founded on sufficient evidence. The certificate of the clerk of court to the transcript herein has no reference to the facts that may have been adduced on the trial of the case of Boudreaux v. Moon Oil Co., Inc. It has reference only to the facts adduced on the trial of the intervention and third opposition of Marrs McLean, a suit subsequently filed and subsequently tried. We therefore find that the contention of the defendant is not well founded.

The fourth ground urged in the brief of Moon Oil Company, Inc., is that the court erred in recognizing a lien and privilege in favor of Boudreaux against the property of Moon Oil Company, Inc., when the debt sued on is due by Cal. Oil & Gas Company, Inc. The same question being involved in the appeal of Marrs McLean, we will therefore act on this contention of Moon Oil Company, Inc., when acting on the contention of Marrs McLean to the same effect.

■■ Article 7 in the petition of intervention and third opposition was struck out of the petition, and the judgment in question contains a statement to the effect that intervener and third opponent acquiesced in this ruling. This statement is not said by intervener and third opponent to be erroneous, and, even if such was contended, such a statement should have been attacked by Marrs McLean in the lower court before his appeal was taken and the matter brought before us in reviewable form. As it is, we do not consider the matter alleged in article 7 of the petition of intervention and third opposition.

■ Moon Oil Company, Inc., and Marrs McLean, intervener and third opponent each contend the lower court erred in recognizing a lien and privilege in favor of Boudreaux against the drilling outfit, because the debt was due by Cal. Oil & Gas Company, Inc., while the drilling outfit belonged to Moon Oil Company, Inc.

The title of Act No. 161 of 1932 indicates as its object and the body of the act expressly provides: "That any person or persons who shall perform any labor or service in drilling any well or wells in search of oil or gas or water, or who shall perform any labor or service in the operation of any oil or gas * * * well or wells, shall have a lien and privilege on * * * and all drilling rigs, standard rigs, machinery, appurtenances, appliances, equipment * * * thereto attached for drilling, equipment and operation of such lease for the amount due for such labor or service." Section 1. It is evidently the intent of the act to create in favor of the laborer a lien and privilege on the drilling rig, used in the work and in the operation of which the labor has been performed on account of which claim for such service is made. The language "and all drilling rigs" cannot be otherwise given effect. The case L. P. Stephens & Co. v. Kellogg Lumber Co., Inc., 18 La. App. 507, 137 So. 769, cited by the plaintiff, may be referred to for analogy, but the question of privilege vel non depends on the language used and intent of Act No. 161 of 1932. We find that the privilege exists under the act in favor of the laborer, no matter whether the rig belongs to the employer or not.

■ Intervener and third opponent contends that his chattel mortgage and judgment against Moon Oil Company, Inc., primes and takes precedence over any lien and privilege which may exist in favor of Boudreaux under the act.

The judgment appealed from contains a statement as follows: "On the argument of the case on the merits counsel for 3rd opponent narrowed his case to one contention, and that was, that the provision of Act 161 of 1932 did not confer a lien and privilege in favor of laborers on property of 3rd persons used in drilling and operating oil wells."

We find to the contrary; but, taking up this additional contention urged on appeal, we find that the act mentioned does, in ex-

press terms, make the lien and privilege therein created superior to all mortgages existing on the property.

The judgment in rem, rendered April 25, 1934, in favor of George Boudreaux, is correct and is now affirmed. The judgment rendered on the intervention and third opposition of Marrs McLean, signed July 2, 1934, is also correct and will ‛be affirmed. Moon Oil Company, Inc., to pay half of the cost of the appeal.