On Rehearing
McBRIPE, Judge.
In our original opinion we stated:
“ * * * the answer of defendant admitted everything claimed except that it averred that it had not agreed to pay $10 for each can. Defendant also averred that it had returned all cans 'to the same point * * * from which point plaintiff agreed to recover said cans.’ * * *”
We then reasoned that:
“ * * * When defendant did not deny that the cans had been received and averred that it had returned all cans to the plaintiff, it took upon itself the burden of establishing this fact and it has not successfully borne that burden.”
A rehearing was granted when it was called to our attention in the application therefor that we had inadvertently overlooked the fact that the admission alluded to was contained in the supplemental and amended answer filed by defendant which was stricken from the pleadings on order of the trial judge upon plaintiff’s motion to strike, on the ground the supplemental and amended answer sought to change the issues raised by the original answer.
The rejection thereof by the trial court placed the pleading beyond consideration by this court and we confess error in holding that the contents thereof were binding on defendant. The law is to the effect that the appellate court will not consider a pleading, or part thereof, or ruling relating thereto, where such pleading or part thereof has been stricken. 5 C.J.S. Appeal & Error, § 1482, p. 762; Boudreaux v. Moon Oil Co., Inc., La.App., 158 So. 672.
The only pleadings before the court are the plaintiff’s petition praying for a judgment on the alleged open account and defendant’s answer which- categorically denies the three articles of the petition. Though sketchy and unsatisfactory, the evidence received at the trial and retrial in the lower court suffices to show that over a period of time plaintiff sold certain milk unto defendant and that the milk was delivered in five-gallon cans; the itemized statement annexed to and made part of the *812 petition shows the charge for each delivery of milk, plus a charge for the cans which were priced at $10 each. There is no doubt defendant paid for the milk as is evidenced by the credits shown on the statement, and the “goods” plaintiff claims are not paid for consist only of the cans which plaintiff contends defendant was obligated to return to it. The plaintiff contends that the cans were to be returned to plaintiff by the defendant but that none of the cans were ever returned.
However, we cannot resolve the issue presented for decision from the record in its present shape; for instance, there was no showing there was any agreement or understanding between the parties to the effect defendant was obligated to make return of the milk cans, or if it was to be liable for the price of the cans if it failed to make the return, or what was the price of each can. We know that the cans containing the milk sold to defendant were delivered to the barge “Mr. Arthur” for transportation to defendant, but there is no evidence at all touching on the manner in which defendant was to return the containers to plaintiff if there was an obligation ■on its part to do so.
 This case was tried twice below and was argued on two occasions before us, and under these circumstances we think rather than nonsuit plaintiff, we deem it proper and equitable to remand the matter to the trial court for the purpose of hearing further evidence which when considered along with the evidence presently in the record will enable a determination of the issue existing between the parties. We conceive it to be the law that an appellate court should not hesitate to remand a case whenever the ends of justice would be sub-served thereby, and we think this is just such a case.
It is ordered, adjudged and decreed that our former decree is set aside and recalled and that the judgment appealed from be reversed; and it is ordered that this cause he remanded to the lower court to be proceeded with according to law consistent with the views hereinabove expressed; and the trial judge is directed to render a judgment based on the evidence now in the record and on such further evidence as the parties choose to introduce; plaintiff is cast for the costs of this appeal and all other costs are to await the final determination of the case.
Former decree set aside; reversed and remanded.