(80 South. 548)

No. 21541.

CALHOUN v. ARDIS.

(Dec. 2, 1918. Rehearing Denied Jan. 6, 1919.)

*(Syllabus by Editorial Staff.)*

1. MINES AND MINERALS ☞55(2)—GRANTS—RESERVATION—CONSTRUCTION AS A WHOLE.

A notarial act conveying title to land retaining all mineral rights thereunder, with the right of entry for development, etc., must be construed as a whole, and intention of parties gathered from all its parts, to the end of giving practical effect to the act in the way intended.

2. MINES AND MINERALS ☞55(2) — CONVEYANCE—CONSTRUCTION—RESERVATION.

A notarial act conveying land, whereby the vendor in terms retained all the mineral rights under the land with the right of entry for development, was a reservation of the minerals and excluded them from the sale.

3. MINES AND MINERALS ☞55(2)—RESERVATION—CONSIDERATION.

Where a vendor by notarial act conveyed land reserving all mineral rights thereunder, with the right of entry for development, etc., there could be no consideration due by him to the purchaser for the minerals, as they never belonged to the purchaser.

4. MINES AND MINERALS ☞55(1)—RESERVATION OF MINERALS—VALIDITY.

An owner of land may dismember it and vest the ownership of the surface of the soil in his purchaser, and retain or reserve the minerals thereunder in himself.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by R. A. Calhoun against J. B. Ardis. Exception of no cause of action overruled, and judgment in favor of defendant, and plaintiff appeals. Affirmed.

Foster, Looney & Wilkinson, of Shreveport, for appellant.

J. C. Pugh & Son and Hampden Story, all of Shreveport, for appellee.

LECHE, J. Plaintiff alleges that he is the owner in possession of certain described lands situated in the parish of Red River, that he acquired same from J. B. Ardis by notarial act, and that said Ardis attempted to retain the minerals in and under said property by inserting the following clause in the act of sale:

"It is further agreed and understood that the vendor herein retains all the mineral rights under said property and with the right of entry upon said property for the development of same."

The petition then proceeds to state that there was no consideration passed from Ardis to plaintiff for said mineral rights, and to argue that it is not legally possible to sell land separate from the oil and gas that might be beneath it, that the oil and gas attempted to be reserved cannot be identified and are not susceptible of private ownership until reduced to possession. Petitioner finally prays for judgment in his favor, decreeing that defendant has no right or interest in the oil and gas beneath the land described in his petition, maintaining petitioner in the possession of said property and for an accounting by defendant for large quantities of oil and gas already taken from beneath said lands.

Defendant excepted to plaintiff's demand on the ground that it discloses no cause of action, and, that exception being overruled, he answered the merits. The district court finally rendered judgment in favor of defendant, and plaintiff appeals.

The question involved in this litigation is purely of law and might have been disposed of on the exception of no cause of action. The trial on the merits did not enlarge the pleadings, and, after trial, the court was again confronted with the same situation that was presented to it on the exception.

Plaintiff states that there was no consideration passed from Ardis to himself for the mineral rights which the former retained under the cited clause in the act of sale. In argument, he then applies the finely drawn distinctions adopted by some of the courts of the country between things that are reserved and things that are excepted in contracts of sale, contending that the quoted clause is in the nature of a reservation and, being a reservation, must be construed as an actual grant by himself to Ardis. He then argues that, as he received no consideration for the grant, it is null and void.

[1-3] The contract must be viewed as a whole, and the intention of the parties gathered from all its parts, to the end of giving practical effect to the instrument in the way intended; and, so viewing the contract in this case, it was clearly the intention of Ardis to sell to plaintiff the surface of the soil and to exclude from the sale the minerals which might be situated beneath that surface. This reservation being of a thing that formed part of the estate, such part was excluded from the sale, and there could be no consideration due by Ardis to plaintiff for that which, having never belonged to plaintiff, remained under the ownership of Ardis.

[4] Whatever doubt may have existed in this state as to the right of an owner of lands, to dismember the property and vest the ownership of the surface of the soil in one person and that of the minerals which might be situated beneath the surface of the soil in another person, or retain it in himself, was definitively set at rest by the decision of this court in the case No. 21433, De Moss v. Sample, 143 La. 243, 78 South. 482. That decision controls the present case; it is sound and logical, and further consideration only serves to convince us of its correctness.

The judgment appealed from is affirmed.