HOOD, Judge.
Mrs. Dama Sally Campbell instituted this action against her former husband, Guy Scroggins, in the Fifteenth Judicial District Court, in Lafayette Parish. The defendant is a resident of Calcasieu Parish, and he was served with process in that parish. The trial judge maintained an exception to the jurisdiction of the court filed by the defendant, and rendered judgment dismissing the suit. Plaintiff has appealed.
Plaintiff was previously married to defendant, but they were judicially separated *156 on January 28, 1954, by judgment of the' Fifteenth Judicial District Court, in Lafayette Parish. A judgment of final divorce between the parties was rendered by the same court on February 27, 1956.
This suit was instituted on August 25, 1965. The petition recites that following the above mentioned judgment of separation plaintiff entered into an agreement with defendant for the partition of the community assets, and that she subsequently entered into another agreement with him respecting the division of the assets of the community. She alleges that she entered into both of the above mentioned agreements relying on information furnished to her by defendant as to the actual worth of the community, that defendant fraudulently concealed and misrepresented material facts relating to the assets of the community, and “that accordingly, the said purported acts of partition should be annulled and set aside by virtue of the fraud practiced upon her by the defendant herein.” Following these averments, the plaintiff then alleges that she is entitled to an accounting and a partition of the community assets.
The petition concludes with a prayer for the appointment of an auditor to examine the records of the community for an accounting, for a partition of the community assets, for judgment in plaintiffs favor for such sums as may be due her by defendant to make up her rightful share, and for general and equitable relief. Plaintiff does not specifically pray for judgment annulling or setting aside the partition agreements which the parties entered into several years ago.
The defendant filed an exception to the jurisdiction of the court, an exception of vagueness and an exception of no cause or right of action. All of these exceptions were tried and submitted, and thereafter the judgment appealed from was rendered maintaining the exception to the jurisdiction of the court and dismissing the suit. No ruling was made on the exceptions of vagueness or of no cause or right of action.
The trial judge regarded this suit as being solely an action to annul the two previously executed partition agreements, and he concluded that the venue of such an action is governed by LSA-C.C.P. art. 42, which sets out general rules relating to venue. That article provides that an action against an individual who is domiciled in the state shall be brought in the parish of his domicile. Since the domicile of the defendant in this case is in Calcasieu Parish, Louisiana, the court held that the suit should have been instituted in that parish, rather than in Lafayette Parish. - vj
Plaintiff contends that this is both an action to annul the previously executed partition agreements and also an action to partition community property. She takes the position that under the provisions of Article 82 of the Louisiana Code of Civil Procedure she is entitled to maintain her action to partition the community property in Lafayette Parish, and that her second demand that the earlier partition agreements be annulled should be heard and determined by the same court since it is a related matter and a multiplicity of actions is not favored by the courts.
The nature of a pleading is determined by the averments and purpose thereof rather than by the label or name which the pleader gives to his pleadings. Jefferson v. Jefferson, 145 So.2d 356 (La.App. 3d Cir. 1962); Cappel v. Meeker Sugar Refining Co., 169 La. 1170, 126 So. 695 (1930); Schouest v. Texas Crude Oil Co., 141 So.2d 155 (LaApp. 1st Cir. 1962). In Schouest v. Texas Crude Oil Co., supra, where an issue similar to that presented here was considered, the court said:
“The courts are not obligated to ascribe to an action the nature or character indicated by the prayer of a plaintiff’s petition when the relief requested is unsupported by factual allegations establishing plaintiff’s legal entitlement to the remedy sought.”
In the instant suit the plaintiff alleges, in substance, that the same property which *157 she now seeks to have judicially partitioned has already been partitioned and divided by two separate partition agreements which were entered into by the parties several years ago. She avers that certain acts of fraud were committed by the defendant and that because of this fraud which has been perpetrated on her, “the said purported acts of partition should be annulled an set aside.” It is apparent from the pleadings, therefore, that as matters now stand there is no property owned jointly by the parties which can be judicially partitioned, and there will be no community assets which can be partitioned unless and until the two previously executed partition agreements are annulled. It is essential to plaintiff’s case, therefore, that she obtain judgment annulling the conventional partitions. She alleges that she is entitled to such a judgment, she prays for general and equitable relief, and, as we have already pointed out, she concedes in her arguments before this court that one of her demands in the suit is for judgment annulling the previously executed partition agreements.
A review of all of the pleadings convinces us that one of the major demands which plaintiff asserts in this case is for judgment annulling and setting aside the earlier partition agreements, even though no specific prayer for that type of relief is included in the petition. The prayer for general and equitable relief obviously was intended as a prayer for such a judgment. We agree with plaintiff, however, that in addition to her demand for the annulment of the partition agreements, she also is demanding a partition of the assets of the community which formerly existed between them. In this suit, therefore, plaintiff is endeavoring to cumulate two separate causes of action, one for the annulment of two partition agreements on the grounds of fraud, and the other for a partition of community property.
LSA-C.C.P. art. 464 provides that “when the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.” With that provision in mind, we will consider first whether the trial court is a court of proper venue to hear the action seeking to annul the partition agreements.
Plaintiff relies on LSA-C.C.P. art. 82, the pertinent portion of which provides:
“Except as otherwise provided in the second paragraph of this article, an action to partition community property shall be brought either as an incident of the action which would result in a dissolution of the community, or as a separate action in the parish where the judgment dissolving the community was rendered.”
The above quoted provisions of Article 82 of the Louisiana Code of Civil Procedure are exceptions to the general rule established by Article 42 of that code, and as such they must be construed strictly ánd as applicable only to cases which come plainly within those provisions. LSA-C. C.P. art. 43; Tripani v. Meraux, 184 La. 66, 165 So. 453 (1936); Gibbs v. Stanfill 94 So.2d 582 (La.App.2d Cir. 1957).
We agree with the trial judge that the action instituted by plaintiff to annul the partition agreements is not an “action to partition community property,” as that term is used in LSA-C.C.P. art. 82. The venue of such an action, therefore, is governed by Article 42 of the Code of Civil Procedure, which provides in effect that such an action must be instituted in the domicile of the defendant. This conclusion is compelled, we think, because of the strict construction which must be given to the provisions of Article 82. We find no error in the judgment of the trial court, therefore, in maintaining the exception to the jurisdiction of the court insofar as it relates to the action to annul.
The remaining action to partition community property was properly instituted in Lafayette Parish, that being the parish where the judgment dissolving the com *158 munity was rendered. LSA-C.C.P. art 82. As we have already observed, however, the petition shows that the community property has already been partitioned by conventional agreement. There are no community assets to be judicially partitioned, therefore, and there will be none unless and until the earlier partition agreements are annulled. Since these partition agreements have not been annulled, the petition for a partition of the community property fails to state a cause of action.
The trial court, of course, did not consider or rule on the exception of no cause of action which was filed by the defendant. Our law provides, however, that the failure of 'a petition to disclose a cause of action may be noticed either by the trial or appellate court on its own motion. LSA-C.C.P. art. 927; State ex rel. Cousin v. La. State Board of Health, 138 So.2d 829 (La. App. 4th Cir. 1962).
In the instant suit, we take notice of the fact that the petition instituted by plaintiff seeking a partition of community property fails to disclose a cause of action. The exception of no cause of action filed by defendant must be maintained, therefore, and the action to partition community property must be dismissed. Since the plaintiff would be entitled to institute another action for a partition of the community property if the conventional agreements should be annulled, we think the ends of justice require that the instant suit be dismissed as of non-suit.
For the reasons herein set out, the judgment appealed from is amended to show that defendant’s exception to the jurisdiction of the court is maintained as to the action to annul the partition agreements, that his exception of no cause of action is maintained as to the action to partition community property, and that plaintiff’s suit is dismissed as of non-suit at her costs. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.