575 So.2d 886 (1991)
Virginia Bruce HILL, Plaintiff-Appellee,
v.
Jack Emery HILL, Defendant-Appellant.
No. 22526-CW.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1991.
Writ Denied April 26, 1991.
Hamilton & Carroll by Orlando N. Hamilton, Jr., Oak Grove, for defendant-appellant.
Cooper, Hales & Posey by Thomas E. Cooper, Jr., Rayville, for plaintiff-appellee.
Before SEXTON, HIGHTOWER and VICTORY, JJ.
SEXTON, Judge.
The plaintiff, Virginia Bruce Hill, seeks review of the trial court judgment sustaining an exception of improper venue raised by the defendant, her former husband, Jack Emery Hill. The trial court judgment dismissed plaintiff's lawsuit which, as its sole object, sought her alleged community share of the defendant's military retirement benefits. We reverse.
On February 14, 1990, the plaintiff filed suit in the Fifth Judicial District Court, Parish of West Carroll, seeking her community share of the defendant's military retirement benefits. The defendant filed various exceptions, including an exception of improper venue.
The parties stipulated to the following facts for purposes of the hearing on the exception of improper venue. The defendant entered military service on or about January 20, 1954; at that time he was a California domiciliary. On August 24, 1956, the plaintiff and the defendant were married in Nevada; the defendant was then still on active military duty. The defendant retired from the military on October 31, 1973, having been credited with a total of 21 years and 27 days military service. The plaintiff and defendant were granted a divorce by a California court on November 25, 1974. On the date the instant suit was filed, both plaintiff and defendant were domiciliaries of West Carroll Parish.
The trial court, relying upon LSA-C.C.P. Art. 82 and considering that the parties were divorced in California and had had no community immovable property in West Carroll Parish, sustained the exception of improper venue and dismissed the lawsuit. A judgment to that effect was signed on July 19, 1990.
The plaintiff sought writs to review the trial court judgment. This court, on September 20, 1990, granted the writ and directed both parties to brief not only the *887 venue issue, but also the applicability of supervisory rather than appellate review of the venue issue. Plaintiff then moved for and, on September 26, 1990, was granted a devolutive appeal.
At the outset we note that the issue of whether supervisory review is appropriate in this instance has become moot. Plaintiff's devolutive appeal was timely taken and the plaintiff has thus properly preserved the venue issue for review on appeal. We therefore pretermit the issue of whether supervisory review is appropriate.
The general rules of venue are set forth in LSA-C.C.P. Art. 42 which provides, in pertinent part, that an action against an individual who is domiciled in this state shall be brought in the parish of his domicile; or if he resides but is not domiciled in this state, the action shall be brought in the parish of his residence. LSA-C.C.P. Art. 42(1). Proper venue for this lawsuit against Mr. Hill, a West Carroll Parish domiciliary, would be West Carroll Parish, unless one of the exceptions to the general rules of venue, provided in LSA-C.C.P. Arts. 71 through 85, is applicable.
Where the venue provided in Art. 42 conflicts with the venue provided in Art. 82, the provisions of Art. 82 will govern venue exclusively. LSA-C.C.P. Art. 45(1). The issue presented for review is whether LSA-C.C.P. Art. 82 is applicable in this case. That article provides:
Art. 82. Action to partition community property
Except as otherwise provided in the second paragraph of this article, an action to partition community property shall be brought either as an incident of the action which would result in a dissolution of the community, or as a separate action in the parish where the judgment dissolving the community was rendered.
If the community owns immovable property, the action to partition the community property, movable and immovable, may be brought in the parish where any of the immovable property is situated.
Mr. Hill argues that because the community owned no immovable property in Louisiana, and because the parties were divorced in California rather than Louisiana, there is no parish of proper venue in Louisiana. Instead, he argues, the action to partition the community property must be brought in California. We disagree.
Exceptions to general rules of venue must be strictly construed and the party claiming the benefit of an exception must bring himself clearly within the exception. Hawthorne Oil and Gas Corporation v. Continental Oil Company, 377 So.2d 285 (La.1979); Reliance Trust v. Texas Gas Transmission Corporation, 499 So.2d 202 (La.App. 2d Cir.1986). Article 82 is such an exception to the general rules of venue, and must be construed strictly and applied only to cases which plainly come within its provisions. Campbell v. Scroggins, 191 So.2d 154 (La.App. 3rd Cir.1966).
The first paragraph of Art. 82 establishes venue for the partition of community property in cases where the partition is incidental to an action that would cause dissolution of the community[1] and in the cases where the partition is being sought in a separate action subsequent to an earlier judgment dissolving the community. In simple terms, the first paragraph of Art. 82 provides venue for a community property partition in the parish where the community is being, or has been, dissolved.
The second paragraph, which is inapplicable to the instant case, also allows additional partition venue in a parish where immovable community property may be located.
We do not perceive, as the defendant apparently argues, that Art. 82 is applicable to all community property partitions. Rather, we view it as being applicable in the situations specifically set out therein. It should not be applied to cases which do not come within its provisions. Campbell v. Scroggins, supra. Since the community was not dissolved in Louisiana and immovables *888 are not at issue, Art. 82 circumstances are not present.
Because the provisions of Art. 82 do not apply to the property at issue in this case, there is no conflict with the provisions of Art. 42. Therefore, venue for this action is as provided in Art. 42, the parish of Mr. Hill's domicile. The trial court erred in concluding that West Carroll Parish was not a parish of proper venue for this action.
To hold otherwise would result in the absurd consequence that these Louisiana domiciliaries would have to return to a distant forum to adjudicate the partition of incorporeal movable property[2] which, because both owners are domiciled here, is considered as having its situs here. LSA-C.C. Art. 15; Succession of Villere, 411 So.2d 484 (La.App. 4th Cir.1982). To require two West Carroll Parish domiciliaries to return to California to litigate this question would defeat one of the chief purposes behind the venue provisions: to provide a convenient situs for trials. L'Enfant, Louisiana Civil Procedure, Developments in the Law, 1981-1982, 43 La.L.Rev. 491 (1982); Comment, Contract Action Venue in Louisiana: Time for a Change? 25 Loy.L.Rev. 367 (1979). As with any law, the exceptions to the general rules of venue should not be interpreted in such a way as to lead to absurd consequences. Greene v. Engolio, 257 So.2d 831 (La.App. 1st Cir. 1972).
For the reasons set forth above, the judgment of the trial court sustaining the declinatory exception of improper venue is reversed, and the case is remanded for further proceedings. The costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.
NOTES
[1] The three ways the community may be terminated by a lawsuit are actions for divorce, nullity, or separation of property. LSA-C.C. Art. 2356.
[2] The military retirement benefits are an incorporeal movable. LSA-C.C. Art. 473; T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La. 1975) (on rehearing, 1976); 16 K. Spaht and W.L. Hargrave, Louisiana Civil Law Treatise, "Matrimonial Regimes" § 10.5 at 420 (1989).