|, GRISBAUM, Chief Judge.
Plaintiff-appellant, Jean A. Dillon, appeals the trial court’s judgment sustaining an exception of improper venue in an action to partition community property resulting from a divorce judgment rendered in Alabama. We reverse and remand.

ISSUE

The plaintiff calls upon us to determine whether St. John the Baptist Parish is a proper venue for an action by a Louisiana resident to partition community property resulting from a divorce judgment in Alabama.

_[¿FACTS AND PROCEDURAL HISTORY

Jean and Warren Dillon were married on September 25, 1964, in Edgard, Louisiana. The parties eventually moved to Mobile, Alabama, where a divorce judgment was rendered on May 25, 1979. The Dil-lons divided a majority of their community property at that time. Mr. Dillon currently resides in Georgia, and Ms. Dillon currently resides in Edgard, Louisiana.
At the time of the divorce, Mr. Dillon was still employed by IBM. Since his retirement benefits were still accruing, the 1979 judgment separating the community property did not include Mr. Dillon’s retirement benefits. Mr. Dillon retired from IBM in 1993. In 1999, Ms. Dillon filed a petition for partition of community property in the 40th Judicial District Court, Parish of St. John the Baptist, seeking the partition of Mr. Dillon’s retirement benefits. Mr. Dillon filed an exception of improper venue, which the trial court sustained.

LAW AND ANALYSIS

The appellant contends the trial court erred in its application of La.Code Civ. P. art. 82, which sets forth the proper venue for the partitioning of community property. We agree.
La.Code Civ. P. art. 82 provides as follows:
A. Except as otherwise provided in this Article, an action to partition community property and to settle the claims between the parties arising from either a matrimonial regime or from co-ownership of former community property shall be brought either as an incident of the action which would result in the termination of the community property regime or as a separate action in the parish where the judgment terminating the community property regime was rendered.
B. If the spouses own community immovable property, the action to partition the community property, movable and immovable, and to settle the claims between the parties arising either from a matrimonial regime or from co-ownership of former community property may be brought in the parish in which any of the community immovable property is situated.
C. If the spouses do not own community immovable property, the action to partition the community property Land to settle the claims between the parties arising either from a matrimonial regime or from co-ownership of former community property may be brought in *1290 the parish where either party is domi-tiled.
The trial judge relied on Part A of Article 82 in concluding that venue in Louisiana was improper. She stated, “In the case at bar, the parties co-own the retirement benefits of the former community property. Under Art. 82, this action shall be brought in the parish where the judgment terminating the community property regime was rendered. Since the parties were judicially divorced in Alabama, the parish of St. John the Baptist is improper.”
In relying on Part A of Article 82, the trial court failed to consider the remainder of the article, which provides exceptions to the general rule found in Part A. We find that Article 82(C) is applicable here. Article 82(C) sets forth the proper venue for the partitioning of community property when the spouses do not own community immovable property. Mr. and Ms. Dillon do not currently own community immovable property, as it was partitioned in 1979 pursuant to the divorce judgment. Therefore, we find that Article 82(C) applies. Under Part C, the action may be brought where either party is domiciled. Ms. Dillon is domiciled in St. John the Baptist Parish; thus, venue is proper there.
The legislature added Part C of Article 82 to address the statutory problem highlighted by Hill v. Hill, 575 So.2d 886 (La.App. 2d Cir.1991), writ denied, 578 So.2d 139 (La.1991). In Hill, the Second Circuit found that Article 82 did not apply in an action to partition retirement benefits in Louisiana because the community was not dissolved in Louisiana, and the parties did not own immovable property when Ms. Hill sought partition Of the retirement benefits. The court then applied the general venue provisions of Article 42, and found that venue was proper where defendant was domiciled. Here, the trial court acknowledged Hill, but distinguished it, without reference to Part C of Article 82. The distinction, according to the trial court, lies in the fact that, in Hill, both parties resided in Louisiana, whereas, here, only Ms. Dillon resides in Louisiana.
|4The comment to Article 82(C) specifically states that Part C was added to provide an additional venue for an action to partition community property, where the parties do not own immovable community property. Neither the article nor its comments suggest that Part C only applies when the defendant resides in Louisiana. The article simply states that such an action “may be brought in the parish where either party is domiciled.” (emphasis added). Thus, because Ms. Dillon resides in St. John the Baptist Parish, venue is proper there.
In addition, La.Code Civ. P. art. 45 provides that when Article 82 conflicts with Article 42, the general venue article, which states that venue is proper where a defendant resides, Article 82 governs exclusively. Furthermore, requiring two non-residents of Alabama to return to Alabama over twenty years after their divorce there to litigate this issue is judicially inefficient and “defeat[s] one of the chief purposes behind the venue provisions: to provide a convenient situs for trials.” Id. at 888.
Based on the foregoing, we reverse the trial court’s judgment and remand for further proceedings in accordance with this opinion. We order the parties to bear their own costs of this appeal.

REVERSED AND REMANDED.