STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-941

DORIS KAY HENRY

VERSUS

MARLAN W. ANDERSON

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO.  C-82374A
HONORABLE ERIC R.  HARRINGTON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

Pickett, J., dissents with reasons.

AFFIRMED.

Billy R.  Pesnell
J.  Whitney Pesnell
W.  Alan Pesnell
Post Office Box 1794
Shreveport, Louisiana  71166-1794
(318) 226-5577
COUNSEL FOR PLAINTIFF/APPELLANT:
    Doris Kay Henry


William R.  Jones
Luke D.  Mitchell
Post Office Box 598
Coushatta, Louisiana 71019
(318) 932-4011
COUNSEL FOR DEFENDANT/APPELLEE:
    Marlan W. Anderson

**GENOVESE, Judge.**

In this community property partition case, Plaintiff, Doris Kay Henry, ex-wife of Defendant, Marlan W. Anderson, appeals the trial court judgment sustaining Defendant's declinatory exception of improper venue. For the following reasons, we affirm the judgment of the trial court.

## FACTS

After thirty-six years of marriage, Doris Kay Henry and Marlan W. Anderson were divorced by judgment of the Thirty-ninth Judicial District Court, Red River Parish. Shortly after divorcing, they executed a Community Property Settlement (Settlement) in which they partitioned their community assets and obligations. Three years later, Doris filed a Petition for Specific Performance, Reformation, and/or Amendment of Agreement, Declaratory Judgment, Mistake, Error, Omission, and Fraud (Petition) in Natchitoches Parish. In her Petition, Doris asserted:

> Venue [is] proper in . . . Natchitoches Parish, Louisiana, pursuant to Articles 42(1)[1] and 80[2] of the Louisiana Code of Civil Procedure, as both Plaintiff and Defendant are domiciled in Natchitoches Parish,

---

[1]Louisiana Code of Civil Procedure Article 42 provides, in pertinent part: "The general rules of venue are that an action against: (1) An individual who is domiciled in this state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence."

[2]Louisiana Code of Civil Procedure Article 80 provides, in pertinent part:

A. The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:

(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, except as otherwise provided in Article 72;

(2) An action to partition immovable property, except as otherwise provided in Articles 81, 82, and 83; and

(3) An action arising from the breach of a lease of immovable property, including the enforcing of a lessor's privilege or seeking the payment of rent. The venue authorized by this Subparagraph shall be in addition to any other venue provided by law for such action.

Louisiana[,] and/or Article 76.1[3] of the Louisiana Code of Civil Procedure, as this is an action on, to enforce, and to reform a contract executed by the last signatory thereto in Natchitoches Parish, Louisiana.

Doris further alleged: 1) that through error and mistake, conveyance of a one-half mineral interest in three tracts of immovable property which was to have been made to her pursuant to the terms of the Settlement was not completed; 2) that one provision of the Settlement is the result of incorrect information provided by Marlan; and 3) that some of the properties partitioned in the Settlement were incorrectly valued based on information provided by Marlan. She sought a judgment: 1) correcting all errors and adjusting valuations based on errors; 2) requiring Marlan to account for sums he collected/received as a result of said errors; and 3) reforming the Settlement and other necessary documents to correct the errors and omissions.

The three tracts of immovable property at issue in Doris's Petition had been conveyed by Doris and Marlan during their marriage to a Trust established for their children. The Settlement contemplated that the Trust would be revoked and that the corpus of the Trust would be returned to Doris and Marlan. In the Settlement, Marlan conveyed one tract of immovable property to Doris, and Doris conveyed twelve tracts of immovable property, which included the three tracts at issue, to Marlan; she reserved one-half of "all of the oil, gas and other liquid or gaseous hydrocarbon minerals . . . on the immovable property hereinafter transferred to Marlan." In her Petition, Doris contends that the Trust was revoked, but the mineral reservation on those three tracts was not executed; she seeks to have the mineral interests conveyed to her as contemplated by the Settlement.

---

[3]"An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract." La.Code Civ.P. art. 76.1.

Marlan filed a declinatory exception of improper venue in which he asserted that Doris's claims are governed by La.Code Civ.P. art. 82 because they are "a dispute between the parties 'arising from either a matrimonial regime or from co-ownership of former community property.'" Doris opposed the exception, arguing that her claims are governed by the general rules of venue provided in La.Code Civ.P. art. 76.1 or 80 and that her suit is properly filed in Natchitoches Parish, where Marlan is domiciled.

After a hearing, the trial court granted Marlan's exception. Doris appealed.

## ASSIGNMENT OF ERROR

Doris's appeal presents one issue for our consideration: Does La.Code Civ.P. art. 82 apply to her claims?

## DISCUSSION

Venue is a question of law; therefore, we must conduct a *de novo* review of the record on appeal. *Arc Indus., L.L.C. v. Nungesser*, 06-1353 (La.App. 3 Cir. 11/21/07), 970 So.2d 690, *writ denied*, 07-2438 (La. 2/15/08), 976 So.2d 182. Venue is defined as "the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La.Code Civ.P. art. 41. Under La.Code Civ.P. art. 42(1), a suit against an individual domiciled in Louisiana must be brought in the parish of his domicile. However, according to La.Code Civ.P. art. 43, "[t]he general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law."

Marlan contends that Doris's action is governed by La.Code Civ.P. art. 82 because her claims "arise either from the matrimonial regime or co-ownership of former community property or both[,]" and she seeks to partition immovable property

of their former matrimonial regime. He asserts that venue is proper in Red River Parish "where judgment was rendered terminating the community property regime[]" and where the property is situated. Marlan argues that Natchitoches Parish is an improper venue because: (1) the proceeding to terminate the marriage and the community of acquets and gains was filed in Red River Parish; (2) the proceeding to partition their community property was filed in Red River Parish; (3) the Settlement was mediated and perfected in Red River Parish; (4) Doris's action seeks to partition immovable property, i.e., a mineral interest, in former community property; (5) the immovable property is situated in Red River Parish; and (6) Doris's Petition states that she is seeking "to adjust the community property settlement."

Doris contends, in brief, that her "Petition is a suit to **enforce** a community property settlement agreement by **specific performance** and reformation[]"—not a suit to annul a community property settlement agreement or to partition community property. Doris argues that her action asserts an interest in immovable property which makes La.Code Civ.P. art. 80(A)(1) applicable and venue proper in either Red River Parish or Natchitoches Parish. Doris also argues that her Petition "clearly is an action on a contract, venue for which lies where the contract was executed. La.Code Civ.P. art. 76.1[.]" Therefore, she asserts that the trial court erred in holding that venue was improper in Natchitoches Parish.

Citing *Campbell v. Scroggins*, 191 So.2d 154 (La.App. 3 Cir. 1966), Doris claims that La.Code Civ.P. art. 82 does not apply herein. According to Doris:

> Under *Campbell*, [La.Code Civ.P. art.] 82 did not and does not apply to actions to annul community property partition agreements. Moreover, under *Campbell*, once community property already has been voluntarily partitioned, an action for partition of former community property cannot be maintained unless and until the settlement has been annulled or set

4

aside. [My] Petition in this case seeks to enforce the Agreement rather than annul the Agreement.

The plaintiff in *Campbell* filed suit in Lafayette Parish against her ex-husband, a resident of Calcasieu Parish. The parties were divorced in Lafayette Parish; therefore, the plaintiff asserted venue for her suit was proper in Lafayette Parish pursuant to La.Code Civ.P. art. 82. The plaintiff entered into two agreements relative to the separation of their community property; however, she alleged she did so after relying upon mis-information from her ex-husband. The trial court regarded plaintiff's suit as an action to annul the two previously-executed partition agreements, and it ruled that venue was governed by La.Code Civ.P. art. 42, not La.Code Civ.P. art. 82.

The plaintiff in *Campbell* appealed arguing that her action was both an action to annul the two previously-executed partition agreements and an action to partition community property. According to the plaintiff, under La.Code Civ.P. art. 82, she was entitled to maintain her action to partition community property in Lafayette Parish, and therefore, her demand to annul the two previously-executed partition agreements should be determined in the same venue because the matters were related. The appellate court determined that "one of the major demands which plaintiff asserts in this case is for judgment annulling and setting aside the earlier partition agreements, . . . however, . . . she is also demanding a partition of the assets of the community which formerly existed between them." *Id*. at 157. The appellate court agreed with the trial court's determination that the plaintiff's action to annul the partition agreements venue was governed by La.Code Civ.P. art. 42 and not La.Code Civ.P. art. 82. The appellate court, however, went further and declared:

5

The remaining action to partition community property was properly instituted in Lafayette Parish, that being the parish where the judgment dissolving the community was rendered. LSA-C.C.P. art. 82. As we have already observed, however, the petition shows that the community property has already been partitioned by conventional agreement. There are no community assets to be judicially partitioned, therefore, and there will be none unless and until the earlier partition agreements are annulled. Since these partition agreements have not been annulled, the petition for a partition of the community property fails to state a cause of action.

*Id*. at 157-58. Though Doris argues that her action is not an action to annul the Settlement, she contends *Campbell* controls.

We find that not only are the facts in *Campbell* distinguishable, but the law differs as well. When *Campbell* was decided, La.Code Civ.P. art. 82 provided:

Except as otherwise provided in the second paragraph of this article, an action to partition community property shall be brought either as an incident of the action which would result in a dissolution of the community, or as a separate action in the parish where the judgment dissolving the community was rendered.

If the community owns immovable property, the action to partition the community property, movable and immovable, may be brought in the parish where any of the immovable property is situated.

The Louisiana State Legislature passed 1997 La. Acts No. 1055, § 1, which, among other things, amended La.Code Civ.P. art. 82. The present version of La.Code Civ.P. art. 82 provides, in pertinent part:

A. Except as otherwise provided in this Article, an action to partition community property and to settle the claims between the parties arising from either a matrimonial regime or from co-ownership of former community property shall be brought either as an incident of the action which would result in the termination of the community property regime or as a separate action in the parish where the judgment terminating the community property regime was rendered.

B. If the spouses own community immovable property, the action to partition the community property, movable and immovable, and to settle the claims between the parties arising either from a matrimonial regime or from co-ownership of former community property may be

6

> brought in the parish in which any of the community immovable property is situated.

The 1997 legislative amendment to La.Code Civ.P. art. 82(A) added language mandating that issues pertaining to the "co-ownership of former community property shall be brought . . . in the parish where the judgment terminating the community property regime was rendered."

We are cognizant of our supreme court's decision in *Spinosa v. Spinosa*, 05-1935 (La. 7/6/06), 934 So.2d 35, which was decided after the 1997 amendment to La.Code Civ.P. art. 82. *Spinosa* involved an ex-wife who sought to annul a separation of property agreement that she entered into with her ex-husband ten years prior to their divorce. Mrs. Spinosa filed a petition to partition community property naming as a defendant, in addition to her ex-husband, a trust settled by her and her ex-husband, wherein she alleged that her ex-husband had fraudulently diverted community property into the trust. The trust raised the declinatory exception of improper venue arguing that Mrs. Spinosa's claims against it could not be pursued along with her claims against Mr. Spinosa in East Baton Rouge Parish because, pursuant to La.R.S. 9:1725(5), the only proper venue for a claim against it was in the parish of the domicile of its sole trustee. The sole trustee was domiciled in St. Tammany Parish. Citing *Hawthorne Oil and Gas Corp. v. Continental Oil Co.*, 377 So.2d 285 (La.1979), the supreme court found no merit in the trust's argument because the trust did not carry its burden of proving that there was an exception to the general venue provisions that specify St. Tammany Parish as the proper venue. Finding that Mrs. Spinosa's claim constituted an action to partition community property, the supreme court concluded that venue was proper in East Baton Rouge Parish pursuant to La.Code Civ.P. art. 82(A). *Spinosa*, because of the trust claims

7

involved, is clearly distinguishable and not factually analogous to the instant case; however, it did apply La.Code Civ.P. art. 82(A), finding the parish of proper venue to be the "parish where the judgment terminating the community property regime was rendered." *Id*. at 50. In the instant case, that would be Red River Parish as opposed to Natchitoches Parish, which is what the trial court held.

Also, in the instant suit, we take note of the fact that Doris asserts a claim over the co-ownership of mineral rights. Louisiana Code of Civil Procedure Article 82(A) specifically addresses claims "arising from . . . co-ownership of former community property." Therefore, the trial court correctly found that venue is proper in Red River Parish under the provisions of La.Code Civ.P. art. 82(A) as that is the "parish where the judgment terminating the community regime was rendered."

## DECREE

For the foregoing reasons, the judgment of the trial court sustaining Defendant's declinatory exception of venue is affirmed. Costs are assessed to Plaintiff/Appellant, Doris Kay Henry.

**AFFIRMED.**

8

DORIS KAY HENRY

VERSUS

MARLAN W. ANDERSON

**PICKETT, J., dissenting**.

I respectfully disagree with the majority's opinion. Doris seeks to enforce certain provisions of the Community Property Settlement in which she transferred immovable property "which formed a part of the *former* community of acquets and gains" to Marlan and reserved one-half of the minerals under the immovable property for herself. Marlan acknowledged that Doris's conveyance of immovable property to him was "*subject to the reservation of minerals as previously stated*." Doris's other claims address inaccurate valuations assigned by Marlan to *former* community assets that were partitioned in the Community Property Settlement.

Louisiana Code of Civil Procedure Article 82(A) governs venue for "an action to partition . . . *and* to settle" parties' community property regime claims, and subpart B governs venue for the "action to partition . . . and to settle." (Emphasis added.) Doris does not seek to partition community property *and* to settle claims arising from the former matrimonial regime that existed between her and Marlan or from the co-ownership of former community property, nor does she seek to settle such claims. She and Marlan partitioned their community property and settled the claims

1

pertaining to their former community property regime in the Community Property Settlement. Furthermore, no former community property is co-owned by Doris and Marlan, as she conveyed ownership of the surface of the property at issue to Marlan but reserved the minerals thereunder to herself. La.Min.Code art. 31:15; *see also*, *Calhoun v. Ardis*, 144 La. 311, 80 So. 548 (1918). For these reasons, venue is proper in Natchitoches Parish.