PICKETT, J.,
dissenting.
hi respectfully disagree with the majority’s opinion. Doris seeks to enforce certain provisions of the Community Property Settlement in which she transferred immovable property “which formed a part of *1290 the former community of acquets and gains” to Marian and reserved one-half of the minerals under the immovable property for herself. Marian acknowledged that Doris’s conveyance of immovable property to him was “subject to the reservation of minerals as previously stated.” Doris’s other claims address inaccurate valuations assigned by Marian to former community assets that were partitioned in the Community Property Settlement.
Louisiana Code of Civil Procedure Article 82(A) governs venue for “an action to partition ... and to settle” parties’ community property regime claims, and sub-part B governs venue for the “action to partition ... and to settle.” (Emphasis added.) Doris does not seek to partition community property and to settle claims arising from the former matrimonial regime that existed between her and Marian or from the co-ownership of former community property, nor does she seek to settle such claims. She and Marian partitioned their community property and settled the claims |2pertaining to their former community property regime in the Community Property Settlement. Furthermore, no former community property is co-owned by Doris and Marian, as she conveyed ownership of the surface of the property at issue to Marian but reserved the minerals thereunder to herself. La. Min.Code art. 31:15; see also, Calhoun v. Ardis, 144 La. 311, 80 So. 548 (1918). For these reasons, venue is proper in Natchitoches Parish.