NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-450

SUCCESSION OF

ROBERT W. JOHNSON, DDS

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2021-902221-A
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of John E. Conery, D. Kent Savoie, and Sharon Darville Wilson,
Judges.

**AFFIRMED.**

Jonathan T. Gaspard
The Gaspard Law Firm
313 N. Main Street
Post Office Box 546
Marksville, Louisiana  71351
(318) 240-7329
COUNSEL FOR APPELLANT:
    Daniel K. Guilbeau


Robert Allen Johnson
Johnson Law Firm, L.L.C.
502 Tunica Drive, East
Post Office Box 468
Marksville, Louisiana  71351
(318) 308-6593
COUNSEL FOR APPELLEE:
    Sucession of Robert W. Johnson, DDS

**CONERY, Judge.**

Appellant Daniel K. Guilbeau (Mr. Guilbeau) filed an exception of improper venue in the *Succession of Robert W. Johnson, DDS* (Johnson Succession) in the Twelfth Judicial District Court, Parish of Avoyelles, which was heard and denied by the trial court on the record on April 16, 2021. The Johnson Succession also filed a motion seeking to have a default judgment rendered by the Alexandria City Court declared absolutely null, which was heard and granted by the trial court on the record also on April 16, 2021. A motion for written reasons for the trial court's ruling was filed on April 29, 2021 by Mr. Guilbeau, and rendered on May 3, 2021. The trial court signed a final judgment on May 5, 2021, and this timely appeal by Mr. Guilbeau followed. For the following reasons, we affirm the trial court's ruling on both motions.

## PROCEDURAL HISTORY AND FACTS

This case presents an unusual procedural situation which can best be explained by the factual findings of the trial court in its reasons for ruling after considering the record, the exhibits submitted at trial and the argument of counsel:

1. Probate No. 2010-902,221A, Succession of Robert [W.] Johnson, DDS was filed in the 12th JDC, Parish of Avoyelles, State of Louisiana, on April 23, 2010; according to the pleadings contained in the Petition for Probate of Statutory Testament and for Appointment of Independent Executor; Robert W. Johnson, DDS, "Decedent," died testate on April 18, 2020; at the time of his death[,] he was a resident of 863 North Main Street, Marksville, Avoyelles Parish, Louisiana, 71351.

2. On January 24, 2012, Daniel K. Guilbeau filed a Petition on Open Account in Alexandria City Court against Dr. Robert W. Johnson, LLC and/or the Estate of Dr. Robert W. Johnson, DDS seeking collection on an open account allegedly owed to petitioner, Daniel K. Guilbeau, for dental services rendered and/or goods sold and delivered from January 2010 through September 2011. The petition sought the collection of an alleged indebtedness in the amount of $5,875.00 plus interest on the principal amount, legal interest,

attorney['s] fees and for all costs of the proceedings. (Exhibit-Guilbeau 1).

3. In the Alexandria City Court proceedings, an Exception of Venue was filed on February 16, 2012; additionally, in the City Court proceedings, Daniel K. Guilbeau, filed a Motion for Preliminary Default on March 1, 2012 and the Court entered an Order of preliminary default on March 1, 2012; the record of the City Court proceedings further reflects an August 31, 2012 hearing scheduled on the [Johnson Succession's] Exception of Venue, but no formal disposition and/or judgment appears of record adjudicating the exception.

4. On September 6, 2013, [in Alexandria City Court] a default judgment was rendered in favor of Daniel K. Guilbeau against Dr. Robert W. Johnson, LLC and/or the Estate of Dr. Robert W. Johnson, DDS in the amount of $5,875.00 together with interest thereon from the date of demand until paid, together with attorney['s] fees in the amount of 25.00% of the principal and interest due, and all costs of the proceedings.

5. A review of the City Court record reflects that no appearance was made on behalf of defendants at the September 6, 2013 hearing and the Exception of Venue previously filed of record was not adjudicated by the City Court.

6. There was no waiver of venue in the Alexandria City Court suit by Dr. Robert W. Johnson, LLC or the Estate of Robert W. Johnson, DDS; the record of the case does not support a finding that the judgment debtor acquiesced in the City Court suit or to the judgment rendered in the City Court.

## ASSIGNMENTS OF ERROR

The appellant, Mr. Guilbeau, advances the following assignments of error.

1. The trial court erred by denying GUILBEAU'S Exception of Improper Venue.

2. The trial court erred by granting JOHNSON'S Motion to Find Judgment Absolutely Null.

## LAW AND DISCUSSION

*Standard of Review*

Louisiana Code of Civil Procedure Article 925(A)(4) provides for the declinatory exception of improper venue. An appeal of a judgment denying an

2

exception of improper venue presents a question of law. We therefore review the record *de novo* in order to determine whether the trial court's denial of the exception was legally correct. *Henry v. Anderson,* 10-941 (La.App. 3 Cir. 3/9/11), 60 So.3d 1285, *writ denied,* 11-1294 (La. 9/23/11), 69 So.3d 1166.

*Assignment of Error One - Exception of Improper Venue*

Mr. Guilbeau's primary argument is that venue is not jurisdictional and can be waived. Therefore, Mr. Guilbeau's suit on open account was not required to be filed in the Twelfth Judicial District Court where the Johnson Succession was still pending. He asserts that the Alexandria City Court also had jurisdiction to render its default judgment and have it enforced against the Johnson Succession. We disagree.

Louisiana Code of Civil Procedure Article 2811(A) provides, "A proceeding to open a succession **shall** be brought in the district court of the parish where the deceased was domiciled at the time of his death[,]" in this case the Twelfth Judicial District Court. Louisiana Code of Civil Procedure Article 81 further provides in pertinent part: "When a succession has been opened judicially, until rendition of the judgment of possession, the following actions **shall** be brought in the court in which the succession proceeding is pending: (1) A personal action by a creditor of the deceased …" (emphasis added).

Mr. Guilbeau does not deny that he was a "personal creditor" of Dr. Johnson at the time of his death, but urges that notwithstanding the mandatory provisions of La.Code Civ.P. arts. 81 and 2811(A), venue is not jurisdictional in this case and may be waived. However, La.Code Civ.P. art. 44(B) also provides, "The venue provided in Articles … 2811 … may not be waived." Counsel for Mr. Guilbeau argues that La.Code Civ.P. art. 44(C) provides that Article 2811 "is waived by the

3

failure of the defendant to plead the declinatory exception timely as provided in Article 928." We find that Article 44(C) is not applicable in this case because the Johnson Succession did in fact file the exception of improper venue in the Alexandra City Court which the trial court properly found had not been abandoned as argued by Mr. Guilbeau, and thus venue was not waived.

A panel of this court has explained that "venue is waivable in all cases, except those actions where venue is made jurisdictional by specific articles of our Code of Civil Procedure, and that all objections to venue are raised by the declinatory exception which shall be filed before the answer." *Randell v. Prince*, 460 So.2d 96, 97 (La.App. 3 Cir. 1984) (citing *Stutts v. Liberty Mut. Ins. Co.*, 416 So.2d 1326 (La.App. 3 Cir. 1982), and La.Code Civ.P. arts. 44, 925, and 928).

The record and the trial court's findings confirm that the Johnson Succession timely filed the required declinatory exception of venue on February 16, 2012 in Alexandria City Court. The Johnson Succession never answered Mr. Guilbeau's petition on open account in Alexandria City Court, or made an appearance in that suit. Accordingly, the trial court properly found that there had been no waiver of venue by the Johnson Succession in the Alexandria City Court, and that venue was only proper in the Twelfth Judicial District Court, where the Johnson Succession was filed almost two years before Mr. Guilbeau's suit on open account was filed in the Alexandria City Court. We therefore find Mr. Guilbeau's assignment of error one to be without merit.

*Assignment of Error Two – Absolute Nullity Of The Default Judgment Rendered In Alexandra City Court*

The Johnson Succession seeks to nullify the default judgment rendered by the Alexandria City Court on September 6, 2013. Mr. Guilbeau filed the

4

Alexandria City Court judgment with the clerk of court in the Twelfth Judicial District Court, Avoyelles Parish, where the Johnson Succession was still pending. The Alexandria City Court default judgment found in favor of Mr. Guilbeau and against the Johnson Succession in the amount of Five Thousand Eight Hundred Dollars ($5,875.00), in an open account suit, with interest from judicial demand and attorney fees in the amount of 25% of the principal, interest due and all costs of the proceedings. The record reflects that a hearing on a confirmation of default was held by the Alexandria City Court, and evidence was presented by counsel for Mr. Guilbeau in that court. However, there was no appearance by counsel for the Johnson Succession either at this hearing or at any time during the litigation in the Alexandria City Court suit.

After careful review of the record of the Alexandria City Court proceedings, the trial court found "[t]he record of the City Court proceedings further reflects an August 31, 2012 hearing scheduled on the Exception of Venue (filed by the Johnson Succession), but no formal disposition and/or judgment appears of record adjudicating the exception."

The Alexandria City Court record further indicates that although the Johnson Succession's exception of venue was originally scheduled for August 31, 2012, it was continued at the request of Mr. Guilbeau's prior counsel filed in the suit record until February 15, 2013, based on correspondence with the court that there were ongoing negotiations between the parties.

Just prior to the scheduled February 15, 2013 hearing on the Johnson Succession's motion, there was additional written correspondence from prior counsel for Mr. Guilbeau to present counsel for the Johnson Succession that the exception of improper venue was being withdrawn. Counsel for the Johnson

5

Succession stated in his correspondence in the record in Alexandria City Court that the parties had reached an agreement on the exception of venue, and that he had verbally confirmed with the clerk of court that there was no need for counsel to appear. Thus, no hearing was held or any appearance made by counsel for either party.

Present counsel for Mr. Guilbeau argued to the trial court in this case that the correspondence from prior counsel for the Johnson Succession was proof that counsel for the Johnson Succession intended to withdraw the exception of improper venue. However, there was no formal motion filed or order signed withdrawing the exception.

The trial court responded to the argument of Mr. Guilbeau's counsel concerning the letters in the city court record and their alleged effect on the issue of jurisdiction and waiver, "If it's filed with the court it takes court – it takes a court order to do something with it. Court's [sic] don't respond to letters, they respond to the pleadings of record."

Based on the forgoing, the trial court found that the Alexandria City Court's September 6, 2013 default judgment was an absolute nullity at the time it was rendered, as there was a pending exception of improper venue which challenged the Alexandria City Court's subject matter jurisdiction over the Johnson Succession.

In its reasons for ruling, the trial court cited, *Fritz v. Winfield*, 499 So.2d 962, 962 (La.App. 3 Cir. 1986), which stated, "It is well settled in our jurisprudence that a judgment which is absolutely null, because of lack of jurisdiction over the subject matter, can be attacked collaterally by any party at any time, even through the use of a summary motion." In the *Succession of Moses v. Carr*, 543 So.2d 77, 79

6

(La.App. 1 Cir.), *writ denied*, 547 So.2d 362 (La.1989), the court held, "Such a collateral attack … must be predicated on defects patent on the face of the record."

In resolution of the first assignment of error, we found that the Alexandria City Court lacked jurisdiction to render a default judgment against the Johnson Succession. This determination was based on the mandatory provisions of La.Code Civ.P. arts. 81 and 2811(A) which are jurisdictional and despite Mr. Guilbeau's argument to the contrary cannot be waived.

Louisiana Code of Civil Procedure Article 2002(A) provides in pertinent part, "A final judgment shall be annulled if it is rendered, . . . (2) Against a defendant . . . whom a valid default judgment has not been taken." No valid default judgment was taken in city court because the exception of improper venue was not disposed of prior to the trial of the case. See La.Code Civ.P. art. 929.

Louisiana Code of Civil Procedure Article 2002(A) also provides in pertinent part, "A final judgment shall be annulled if it is rendered, . . . (3) By a court which does not have jurisdiction over the subject matter of the suit." Paragraph B additionally provides that, "Except as otherwise provided in Article 2003[,] an action to annul a judgment on these grounds may be brought at any time."[1]

Louisiana Code Civil Procedure Article 2003 further provides, "A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgement on any of the grounds enumerated in Article 2002." As previously stated, other than filing the original motion of improper venue, counsel for the

---

[1] Louisiana Civil Code Article 2002 was revised effective January 1, 2022. However, it "shall apply to default judgments rendered on or after that date." *See* 2021 La. Acts No. 174, § 7(A). Therefore, the revision is not applicable to this case.

Johnson Succession never filed a written motion withdrawing the exception of venue and never made an appearance in Alexandria City Court.

The trial court also cited the case of *Bryant v. Pierson*, 90-63 (La.App. 3 Cir. 6/26/91), 583 So.2d 97, and found the facts in this case analogous to those in *Bryant*. In *Bryant*, the amount demanded by the petition filed, and the judgment rendered, exceeded the jurisdictional amount allowed in city court of $10,000, rendering the judgment defective on the face of the record. Therefore, the judgment in *Bryant* was rendered absolutely null based on the city court's lack of subject matter jurisdiction.

In this case, based on the record in Alexandria City Court, the trial court specifically found:

> On the face of the pleadings, it is apparent that in January 2012, Guilbeau filed a Petition on Open Account seeking collection of an indebtedness against Dr. Robert W. Johnson, LLC and the Estate of Dr. Robert W. Johnson, DDS. The Succession of Robert W. Johnson, DDS was clearly judicially opened prior to the filing of the City Court suit; the Succession of Robert W. Johnson, DDS was opened in Avoyelles Parish, Louisiana, in April 2010 with the filing of a Petition for Probate of Statutory Testament and for Appointment for an Independent Executor. This is evident on the face of the record. Additionally, after a careful review of the City Court record, this trial Court finds no judgment was entered of record in the Alexandra City Court suit adjudicating the Exception of Venue filed therein on behalf of the Estate of Dr. Robert W. Johnson, DDS. This defect is also readily apparent on the face of the record of the case in City Court. (Exhibit – Guilbeau 1).

Considering the foregoing, the trial court concluded that:

> An inspection of both the pleadings in the City Court Suit on open account and the record of the succession proceedings pending in this court support a finding of lack of subject matter jurisdiction for the rendition of the City Court judgment in the sum of $5,875.00, plus interest on the principal amount, legal interest, attorney fees and court costs against Dr. Robert W. Johnson LLC and the Estate of Dr. Robert W. Johnson, DDS. The City Court judgment is an absolute nullity. For the reasons provided hereinabove, the Motion to Find Judgement Absolutely Null was granted.

We agree with the findings of fact and the conclusions of law contained in the able trial court's comprehensive "Written Reasons For Ruling On Exception Of Improper Venue And Motion To Find Judgment Absolutely Null." Accordingly, we therefore find Mr. Guilbeau's assignment of error two to be without merit.

## CONCLUSION

For the reasons assigned, we affirm the trial court's judgment of May 5, 2021 in its entirety, denying the Exception of Venue filed by Daniel K. Guilbeau, and granting the Motion to Find Judgment Absolutely Null filed by the Succession of Robert W. Johnson, DDS. All costs of this appeal are assessed to Daniel K. Guilbeau.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.